[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The Revised Complaint (#103) in the instant action consists of several counts to wit: First Count (Breach of Contract To Employ); Second Count (Negligent Misrepresentation); Third Count (Wrongful Discharge) Fourth Count (CUTPA) and Fifth Count (Emotional Distress). The defendant has filed a Motion to Strike the Fourth Count (CUTPA) on the grounds that the Connecticut Unfair Trade Practices Act "does not give rise to a private cause of action in the employer-employee context."
The complaint alleges in substance that the defendant hired the plaintiff as a teacher for the school year September 1988 to June 1989 and that in June 1989 "in breach of their agreement terminated plaintiff's employment." Out of this factual context the plaintiff seeks to impose liability on the defendant under a variety of legal theories set forth in the several counts identified above.
The Fourth Count of the Complaint incorporates by reference CT Page 3527 paragraphs 1-13 inclusive of the Third Count which incorporated all of the paragraphs of the First and Second Counts. Said Fourth Count then alleges that the use of a written contract (identified as Exhibit A attached to the Complaint) "is an unconscionable, unfair and oppressive act or practice prohibited by the Connecticut Unfair Trade Practices Act (CUTPA), Sec. 42-110b of the Connecticut General Statutes."
The plaintiff's rights may not exist in a vacuum but must arise in some definitive context. Except by reason of the relationship between the parties created by the contract in question the plaintiff has not alleged any predicate for standing to complain concerning its "use." Thus it is only as a party to the contract and target of its provisions that the plaintiff has a right to challenge its use by the defendant.
A fair reading of the Fourth Count leads to the conclusion that the CUTPA claim has its ultimate basis in the employer-employee relationship. Employer-employee relationships are not subject to CUTPA. Kintner v. Ridec-Torin Corp., 662 F. Sup. 112,113; Banerjee v. Roberts, 641 F. Sup. 1093, 1108; Fitzgerald v. Forelli, 16 CLT 39. Acts designed to create the contract of employment are also proscribed. Kintner, supra.
Motion to Strike granted.
JOHN C. FLANAGAN, Judge